```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CURTIS VAN STUYVESANT,

                Petitioner,

        -against-                               03 Civ. 3856 (LAK)

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       *Pro se* petitioner Curtis Van Stuyvesant filed a 233-page habeas corpus petition challenging, on 18 separate grounds, his June 1999 conviction in New York Supreme Court for, *inter alia*, falsely holding himself out as a licensed attorney. Magistrate Judge Debra Freeman issued a painstaking and thorough report and recommendation on July 9, 2007 [Dkt 24] (the "R&R") recommending that the petition be denied in its entirety. In due course, this Court overruled petitioner's objections to the R&R, denied the petition, and dismissed the case. Dkt. 30. In 2008, the Second Circuit dismissed petitioner's appeal for want of a "substantial showing of the denial of a constitutional right." Dkt. 35.

       Petitioner then filed a Rule 60(b) motion to vacate this Court's order of dismissal (Dkt 38), a dismissal appealed by petitioner and denied by the Court of Appeals in 2009. Dkt.51. Later that year, petitioner filed a second Rule 60(b) motion and a motion for reconsideration of the first. Dkts. 52, 53. Those motions were denied in 2010 (Dkt. 60), Petitioner again appealed, but the Second Circuit denied a certificate of appealability and dismissed the appeal. Dkt. 64. After a few more years, petitioner filed a third Rule 60(b) motion. Dkt.65. That too was denied. Dkt 67. Petitioner yet again appealed, and again the Second Circuit in 2018 denied a certificate of appealability and dismissed the appeal. Dkt. 73.

      Now petitioner is back with a new motion, this time "for a speedy adjudication of [his] FRCP 60[b] motion on the merit [*sic*] on fact an [*sic*] law, and for expeditious disclosure of discovery pursuant to Federal Rule of Civil Procedure 1 . . ."

      The short answer to this is simple enough. There is no outstanding Rule 60(b) motion to adjudicate, all three of those previously filed having been decided years ago. There is no disclosure outstanding or authorized by Rule 1. Accordingly, the present motion is denied. A

2

certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

SO ORDERED.

Dated: February 24, 2022

_____
Lewis A. Kaplan
United States District Judge