UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS VAN STUYVESANT,

                            PETITIONER,

                -against-

JAMES CONWAY,

                            RESPONDENT.

1:03-CV-03856 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On October 5, 2022, Petitioner Curtis Van Stuyvesant ("Petitioner"), proceeding *pro se*, filed three motions under Federal Rule of Civil Procedure ("Rule") 60(b), Rule 1, and 28 U.S.C. §§ 455(a), 1404(a), requesting various forms of relief in this previously dismissed habeas corpus action. ECF Nos. 82, 84, & 86. For the reasons stated below, Petitioner's motions are DENIED.

## BACKGROUND

In 1999, Petitioner was convicted in New York Supreme Court of, among other things, various counts of fraud and larceny. He filed a petition for habeas corpus on March 29, 2003. ECF No. 2. Judge Freeman issued an extensive Report and Recommendation, recommending denial of the petition on July 11, 2007. ECF No. 24. Judge Kaplan adopted the Report, overruling Petitioner's objections, on September 10, 2007. ECF No. 30. Petitioner filed a Rule 60(b) motion on October 6, 2008, which the Court denied, and several motions seeking reconsideration in December 2008, which the Court also denied on January 6, 2009 and February 24, 2009. ECF Nos. 37-38, 40-43. Petitioner moved before the Second Circuit for a certificate of appealability on March 2, 2009; the motion was denied and the appeal was dismissed on July 16, 2009 because Petitioner failed to show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b)

motion, and (2) jurists of reason would find it debatable whether the underlying habeas

petition, in light of the grounds alleged to support the Rule 60(b) motion, states a valid claim

of the denial of a constitutional right."  ECF No. 51 (quoting *Kellogg v. Strack*, 269 F.3d 100,

104 (2d Cir. 2001) (per curiam)).  Petitioner then filed another Rule 60(b) motion and a

motion for reconsideration on November 23, 2009.  ECF Nos. 52, 53.  Judge Freeman issued a

Report and Recommendation recommending denial of both motions on March 15, 2010.

ECF No. 55.  Judge Kaplan adopted the Report on April 27, 2010.  ECF No. 60.  Petitioner

appealed again (ECF No. 61), and the Second Circuit again denied Petitioner a certificate of

appealability and dismissed his appeal.  ECF No. 64.  On March 7, 2016, Petitioner filed

another Rule 60(b) motion, which the Court denied on March 11, 2016.  ECF Nos. 65, 67.  On

the same basis as its previous dismissals, the Second Circuit denied Petitioner's request for a

certificate of appealability and dismissed his appeal of the March 11, 2016 order on June 28,

2018.  ECF No. 73.  On March 1, 2022, Petitioner filed a motion for a speedy adjudication of

his Rule 60(b) motion and expeditious disclosure of discovery under Rule 1, which the Court

denied because there was no outstanding Rule 60(b) motion or discovery.  ECF No. 74.

Petitioner appealed again, and the Second Circuit denied his motion for a certificate of

appealability and dismissed his appeal on September 20, 2022.  ECF No. 81.

On October 5, 2022, Petitioner once again came before the Court with a series of

motions.  Petitioner filed (i) a motion under Rule 60(b)(2), (3), (4), (5), and (6) (ECF Nos. 86,

87), (ii) a motion for speedy adjudication of his Rule 60 motion and expeditious discovery

under Rule 1 (ECF No. 82, 83), and (iii) a motion under 28 U.S.C. § 1404 requesting a change

of venue to the "United States District Court for the Washington District of Columbia"[1] and

---

[1] The Court assumes the Petitioner is referencing the United States District Court for the District of Columbia.

for the recusal of the United States District Court for the Southern District of New York and the Second Circuit Court of Appeals under 28 U.S.C. § 455(a) (ECF No. 84, 85).  The case was transferred to the undersigned on November 7, 2022.

## DISCUSSION

### I.    Rule 60(b) Motion

Petitioner filed a motion seeking relief under Rule 60(b)(2), (3), (4), (5), and (6).  ECF No. 86.  Rule 60(b) provides that a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Setting aside the *ad hominem* attacks on the judges and clerks involved with this case, Petitioner's 78-page, 405 paragraph affidavit filed in support of his Rule 60 motion essentially argues that Judge Freeman and Judge Kaplan wrongly decided his original habeas petition in 2007 and improperly denied his subsequent Rule 60(b) motions.  Petitioner raises numerous arguments concerning his underlying conviction including issues regarding due process and the right to counsel.  *See, e.g.*, ECF No. 87 ¶¶ 189-90, 191-93, 229-35.  Petitioner also claims

3

that Judge Freeman and Judge Kaplan purposefully avoided deciding Petitioner's arguments on the merits, which constitutes fraud and obstruction of justice. *See, e.g.*, *id.* ¶ 7, 10, 66-67. Petitioner argues that the Court should grant his motion due to the fraud of a litany of individuals including Judge Freeman, Judge Kaplan, and the Clerk of Court of the Second Circuit. *See, e.g.*, *id.* ¶¶ 10, 11, 135-36, 140-41.

Petitioner's Rule 60 motion fails for several reasons. First, the motion is untimely. A motion under Rule 60(b)(2) and (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Since the habeas corpus judgment by Judge Kaplan from which Petitioner is in part seeking relief was issued in 2007 (ECF No. 30), Petitioner's motion under Rule 60(b)(2) and (3) filed in 2022 – fifteen years later – is untimely. *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (affirming district court decision to deny Rule 60(b)(3) motion to reinstate habeas petition which was brought three and a half years after final judgment); *Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 116 (S.D.N.Y. 2019) (barring motion under Rule 60(b)(2) that was brought 20 months after final judgment); *see also* ECF No. 87 at ¶¶ 21, 66, 124, 126-28.[2]

Motions under Rule 60(b)(4), (5) and (6) must be made within a "reasonable time" after the entry of judgment from which the Petitioner is seeking relief. Fed. R. Civ. P. 60(c). While there is no strict rule on what constitutes a reasonable time, as Petitioner is seeking relief from the 2007 dismissal of his habeas petition, the 15-year delay is certainly not a "reasonable time." *Rodriguez*, 252 F.3d at 201 (denying Rule 60(b)(6) motion unreasonably

---

[2] "The Court notes that, because [Petitioner] is a *pro se* litigant, his submission must be held to less stringent standards than formal pleadings drafted by lawyers. . . . A *pro se* litigant, however, is not exempt from compliance with relevant rules of procedural and substantive law." *Enrique Santiago v. United States*, 385 F. Supp. 3d 209, 211 (S.D.N.Y. 2019) (internal citation and quotation omitted).

4

brought three and a half years after judgment); *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (denying Rule 60(b)(4) petition brought four years after habeas petition was denied when petitioner did "provide any reason for the delay").  And Petitioner has provided no "mitigating circumstances" to excuse the delay.  *Kellogg*, 269 F.3d at 104 (finding delay of twenty-six months unreasonable and incarceration was not a mitigating circumstance); *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 449 (S.D.N.Y. 2011) ("There are no 'mitigating circumstances' presented to justify SLMI's five-year delay in seeking reconsideration of the Orders.").[3]

Even if his Rule 60(b) motion was timely, Petitioner's motion fails on the merits. First, it primarily challenges the underlying state criminal proceedings.  In the context of habeas petitions, a petitioner may only raise a Rule 60(b) motion to "attack[] the integrity of the habeas proceeding and not the underlying criminal conviction."  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Pena v. United States*, 859 F. Supp. 2d 693, 697 (S.D.N.Y. 2012) (denying Rule 60(b) motion when "[t]hrough the guise of "liberal construction," [petitioner] [was] merely attacking his criminal conviction"); *Rodriguez v. United States*, 164 F. Supp. 3d 561, 567 (S.D.N.Y. 2016) (holding petitioner's recycled arguments from his direct criminal appeal and habeas petition beyond the scope of Rule 60(b) since they were "attack[ing] this Court's previous resolution of a claim on the merits") (quotation omitted).

An attack on the integrity of the underlying criminal conviction is instead a second or successive habeas petition and the Court cannot consider second or successive habeas

---

[3] Insofar as Petitioner takes issue with all of the Court's prior denials of his Rule 60(b) motions over the past thirteen years, Petitioner has not acted within a year or a reasonable time from several of the denials of his Rule 60(b) motion.  For those judgments for which Petitioner's current motion could be deemed timely, such as the March 2022 judgment (ECF No. 74), or potentially the March 11, 2016 judgment (ECF No. 67), his motion fails on the merits as discussed *infra* at 5 to 8.

petitions without leave of the Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A).  While

Petitioner frequently referenced the requirement that he is not bringing a successive habeas

petition, much of his motion falls into a familiar pattern of arguing the merits of his

underlying state convictions (*e.g.*, due process concerns) to criticize the outcome of Judge

Freeman's Report and Recommendation and Judge Kaplan's Orders.  *See e.g.*, ECF. No. 83

¶¶ 42, 47, 66.  Despite the framing of this request as a Rule 60(b) motion, the Court keeps in

mind its "obligation to characterize the request for relief properly, regardless of the label that

the petitioner applies."  *Cruz v. Smith*, No. 05-cv-10703 (LTS) (DCF), 2022 WL 4951539, at

*2 n.1 (S.D.N.Y. Oct. 4, 2022) (citation and quotations omitted) (holding the petitioner's Rule

60(b) motion improperly challenged the merits of his underlying state criminal proceedings).

When a court finds that a Rule 60(b) motion attacks the underlying conviction, a

district court may transfer the petition to the United States Court of Appeals for the Second

Circuit for "possible certification" or "deny the portion of the motion attacking the underlying

conviction as beyond the scope of Rule 60(b)."  *Enrique Santiago*, 385 F. Supp. 3d at 211

(quoting *Harris*, 367 F.3d at 82).  A claim should be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral review
> by the Supreme Court that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been
> discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim . . . would be sufficient to
> establish by clear and convincing evidence that . . . no reasonable
> factfinder would have found the applicant guilty of the underlying
> offense.

28 U.S.C. § 2244(b)(2).  After a thorough review of Petitioner's affidavit, Petitioner has failed

to make such a showing.  *See Mallet v. Miller*, 953 F. Supp. 2d 491, 493-94 (S.D.N.Y. 2013)

(declining to transfer to the Second Circuit a successive petition styled as Rule 60(b) when the

petition was "entirely without merit"). Accordingly, the Court denies the portions of the motion that seek to review Petitioner's underlying conviction as beyond the scope of Rule 60(b).

Secondly, the portions of Petitioner's motion that challenge the integrity of the habeas proceedings or the Court's rulings on earlier Rule 60(b) motions are also without merit. Petitioner has not presented any newly discovered evidence that would allow him to move for a new trial as required under Rule 60(b)(2). Petitioner's conclusory allegations that the Judges engaged in fraud are insufficient for purposes of Rule 60(b)(3), and in any event, the rule applies to fraud by an opposing *party*, not the Court. *See Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 81 (S.D.N.Y. 2003) (a party bringing a Rule 60(b)(3) motion "must establish by clear and convincing evidence that the opposing or adverse party engaged in fraud or similar misconduct"). Petitioner argues that the judgment is void under Rule 60(b)(4), but that rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Petitioner makes no argument as to any jurisdictional error and Petitioner's only arguments regarding due process were in the context of critiquing his underlying conviction. ECF No. 87 at ¶ 191. Petitioner was afforded an opportunity to be heard in the context of his motions over the years and, insofar as Petitioner takes issue with the decision of Judge Kaplan (or Judge Freeman), disagreeing with the Court's decision is not a basis to declare a judgment void. *Clavizzao v. United States*, 2010 WL 6836461 at *3 (S.D.N.Y. Oct. 25, 2010). Petitioner does not raise any arguments under Rule 60(b)(5), despite listing the provision on his motion paper's opening page. And, finally, a movant must "show extraordinary circumstances justifying the reopening of a final judgment" under Rule 60(b)(6) and "[s]uch

7

circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quotations omitted).  Petitioner has not set forth any such extraordinary circumstances.  Petitioner is essentially restating arguments from earlier motions and expressing disagreement with prior court decisions over the past 15 years.  This does not constitute an extraordinary circumstance.  *Clavizzao*, 2010 WL 6836461 at *4 (reiterating previous arguments or expressing disagreement with prior court decisions are not extraordinary circumstances).

Indeed, Petitioner has appealed each of these orders to the Second Circuit, and the Second Circuit reviewed and denied relief on each one.  *See* ECF No. 35 (denying certificate of appealability finding petitioner had not made a "substantial showing of the denial of a constitutional right"); ECF No. 36 (denying request to reconsider denial of certificate of appealability *en banc*); ECF No. 51 (dismissing appeal of Judge Kaplan's denial of 2009 Rule 60(b) motion); ECF No. 64 (dismissing appeal of Judge Kaplan's denial of 2010 Rule 60(b) motion); ECF No. 73 (dismissing appeal of Judge Kaplan's denial of 2016 Rule 60(b) motion); ECF No. 81 (dismissing appeal of Judge Kaplan's denial of 2022 Rule 60(b) motion).  Rule 60(b) is not a substitute for a direct appeal.  *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (internal citations and quotations omitted).

Petitioner's Rule 60(b) motion is therefore without merit.

## II.    Additional Motions

Petitioner's request for a speedy adjudication of his Rule 60(b) motion is moot as the motion has now been adjudicated.  *See* ECF No. 82.  The Court denies Petitioner's request for discovery under Rule 1 because there is no disclosure outstanding or authorized under Rule 1. ECF No. 82.

Finally, Petitioner requests to transfer the case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a), and for "recusal of both United States District Court SDNY, and the United States Court of Appeals for the Second Circuit" under 28 U.S.C.§ 455(a).  ECF No. 84.  This motion is also denied.  The request is moot since the motion has been decided and the case is closed.  Even if it were not moot, not only has Petitioner not established that this case could otherwise have been brought in the District of Columbia, but it would not be in the "interest of justice" to transfer this case.  28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *cf. Smart v. Goord*, 21 F. Supp. 2d 309, 313-18 (S.D.N.Y. 1998) (approving transfer when habeas petitioner demonstrated that case could have originally been brought in proposed district and multiple factors weighed in favor of transfer including the location of events and witnesses). Moreover, for purposes of the recusal request, Petitioner has not pointed to any facts from which a "reasonable person, knowing all the facts" could conclude that the impartiality of the entire Southern District of New York and the Second Circuit "could reasonably be questioned[.]"  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *see also United States v. Cutler*, 796 F. Supp. 710, 712 (E.D.N.Y.) (rejecting motion to recuse entire Eastern District of New York because defendant failed to put forth "any facts demonstrating that any of the judges in this District could not handle this matter in an impartial manner"); *see also Liteky v. United States*, 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.").

**CONCLUSION**

For the reasons stated above, Petitioner's motions under Rule 60, Rule 1, and 28

U.S.C. §§1404(a), 455(a) are denied.  The Clerk of Court is respectfully directed to close the

motions at ECF Nos. 82, 84, and 86.


Dated: January 20, 2023
       New York, New York

                                            SO ORDERED.

                                            _Jennifer Rochon_____

                                            JENNIFER L. ROCHON
                                            United States District Judge

10